UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert J. Burns,

    Plaintiff,

v.

Breg, Inc.; LMA North America, Inc,;
I-Flow Corporation; DJO, LLC; DJO Incorporated;
McKinley Medical, LLC; Moog Inc.;
Curlin Medical Inc.; Stryker Corporation;
Stryker Sales Corporation;

    Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 10-672 ADM/JSM

___

Victoria Maniatis, Esq., and Kirk Chapman, Esq., Milberg LLP, New York, NY; and Yvonne M. Flaherty, Esq., Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN, on behalf of Plaintiff.

Bradley J. Lindeman, Esq., Elizabeth Snyder Poeschl, Esq., and Jon R. Russell, Esq., Meagher & Geer, PLLP, Minneapolis, MN, on behalf of Defendants DJO LLC and DJO Incorporated.

Frederick H. Fern, Esq., Harris Beach, PLLC, New York, NY; and Jerry W. Blackwell, Esq., and Karen M. Bohaty, Esq., Blackwell Burke PA, Minneapolis, MN; on behalf of Defendants McKinley Medical LLC, Moog Inc., and Curlin Medical, Inc.

Timothy P. Griffin, Esq., and Brian W. Thomson, Esq., Leonard Street and Deinard, Professional Association, Minneapolis, MN, on behalf of Defendants Stryker Corporation and Stryker Sales Corporation.

___

## I. INTRODUCTION

On October 8, 2010 the undersigned United States District Judge heard oral argument on the following motions: Defendants DJO, LLC and DJO Incorporated's (collectively "DJO") Motion to Dismiss Complaint or, Alternatively, Motion to Change Venue [Docket No. 39]; Defendants Curlin Medical Inc. ("Curlin"), McKinley Medical, LLC ("McKinley") and Moog Inc.'s ("Moog") Motion for Joinder In Defendant DJO Incorporated and DJO, LLC's Motion to

Dismiss Complaint or, Alternatively, to Transfer Venue [Docket No. 62]; and Defendants Curlin, McKinley, and Moog's Motion for Joinder in Defendant Breg, Inc.'s Motion to Dismiss [Docket No. 51]. Defendant I-Flow Corprroration ("I-Flow") joined in DJO's motion. Plaintiff Robert J. Burns ("Burns") opposed all motions. For the reasons set forth below, DJO's Motion is granted; Curlin, McKinley, and Moog's joinder in DJO's Motion is granted; Curlin, McKinley, and Moog's joinder in Breg's Motion is denied; and this matter is transferred to the United States District Court for the Northern District of Illinois.

## II. BACKGROUND

On August 20, 2003, Plaintiff Burns, a resident of Crestwood, Illinois, had shoulder surgery at Saint Joseph Hospital in Chicago, Illinois. Compl. ¶¶ 9, 22. During the surgery, doctors affixed a "pain pump" to his shoulder. Id. Pain pumps inject medication directly into a patient's joint. Id. ¶ 1. Pain pumps typically remain implanted in a patient's joint for several days following surgery. Id.

Pain pumps have been linked to chondrolysis, a condition occurring when the cartilage in a joint is lost. See id. ¶ 3. Burns alleges that the anesthetic medication released by his pain pump destroyed the cartilage in his shoulder causing chondrolysis. Id. ¶ 26.

Burns brought suit in the United States District Court for the District of Minnesota (the "District of Minnesota") against ten entities involved in the manufacture, sale, and distribution of pain pumps. Two of the ten initial defendants, Breg, Inc. and LMA North America, Inc., were voluntary dismissed from this action by stipulation and Order [Docket No. 61]. The instant case is one of thousands of products liability lawsuits, many involving pain pumps, brought before in this District, presumably to take advantage of Minnesota's liberal six-year statute of limitations

2

period. See, e.g., Evans v. Breg, Inc., Civ. No. 10-175, 2010 WL 2985691, *1 (D. Minn. July 26, 2010) (noting existence of thousands of product-liability actions in District of Minnesota and noting that vast majority were filed to take advantage of statute of limitations).

## III. DISCUSSION

Defendants seek to transfer this case to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). Section 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Deciding whether to transfer requires consideration of three factors: (1) convenience of the parties, (2) convenience of the witnesses, and (3) the interests of justice. Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). Transfer should be determined after a case-by-case evaluation of the particular circumstances and consideration of all relevant factors. Id.

As a threshold matter, there is no dispute that this case could have been brought in the Northern District of Illinois. Therefore, the Court turns its attention to the Terra factors.

**A. Convenience of the Parties**

In considering the convenience of the parties, courts generally afford deference to a plaintiff's choice of forum. Graff v. Qwest Commc'ns Corp., 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999). Where, however, the plaintiff is not a resident of the forum and the underlying events did not occur in the forum, little or no deference should be afforded to the plaintiff's choice. Burnett v. Wyeth Pharm., Inc., Civ. No. 06-4923, 2008 WL 732425, *1 (D. Minn. March 17, 2008).

Minnesota is an inconvenient forum for the parties. None of the parties are located in

Minnesota. None of the relevant events or alleged injuries occurred in Minnesota. None of the evidence is located in Minnesota. Indeed, it appears the only connection the state of Minnesota has to this litigation is the fact that Burns commenced his lawsuit here. Significant expenses will needlessly be expended if the parties are required to travel to Minnesota to litigate this case.

The Northern District of Illinois, on the other hand, is a convenient forum for the parties. The events that gave rise to the present cause of action occurred there. Burns is a resident there. Much of the evidence, and many of the witnesses, are located there. This factor weighs in favor of transfer.

### B. Convenience of the Witnesses

In analyzing the convenience of the witnesses factor, relevant considerations are the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony. Terra, 119 F.3d at 688.

Minnesota is an inconvenient forum for the witnesses in this case. Most, if not all, of the anticipated non-party witnesses reside outside of Minnesota, and their willingness to travel cannot be presumed. Furthermore, most expected fact witnesses reside outside of Minnesota, and thus outside of the Court's subpoena power. The anticipated fact witnesses are mostly residents of Illinois. Finally, discovery has not commenced, and therefore the availability and adequacy of deposition testimony is unknown. On the whole, this factor weighs in favor of transfer to the Northern District of Illinois.

### C. Interests of Justice

Relevant considerations for weighing the interests of justice include judicial economy, plaintiff's choice of forum, comparative costs of litigating in each forum, ability to enforce a

judgment, obstacles to a fair trial, conflict of law issues, and advantages of having a local court determine questions of local law. Terra, 199 F.3d at 696.

Burns argues that (1) judicial economy favors remaining in Minnesota, (2) his choice of forum should be afforded *some* deference, and (3) all other relevant factors are essentially a wash between the District of Minnesota and the Northern District of Illinois. Burns' argument is not persuasive because judicial economy does *not* favor keeping this case before the Court. To the contrary, the Court has been inundated by pain pump and other products liability cases that have no significant connection to Minnesota. This flood of discretionary venue cases threatens to overwhelm this District. Multidistrict litigation ("MDL") is the proper procedure to enhance judicial economy by litigating similar cases in tandem. This case has not been approved for MDL treatment. See Evans, 2010 WL 2985691 at *3 (noting that pain pump cases were not afforded MDL treatment and forcing de facto MDL treatment by the Court does not serve interests of justice). As such, the interests of justice dictate that this case should be transferred to the forum where it has the greatest relationship—the Northern District of Illinois. Further, the deference afforded Burns' choice of forum does not outweigh all other factors strongly favoring transfer.

In sum, as all three factors weigh in favor of transfer, this case will be transferred to the Northern District of Illinois.

### IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. DJO's Motion to Dismiss Complaint or, Alternatively, Motion to Change Venue [Docket No. 39] is **GRANTED** as to transfer of venue;

2. Curlin, McKinley, and Moog's Motion for Joinder In Defendant DJO Incorporated and DJO, LLC's Motion to Dismiss Complaint or, Alternatively, to Transfer Venue [Docket No. 62] is **GRANTED** as to transfer of venue;

3. Curlin, McKinley, and Moog's Motion for Joinder in Defendant Breg, Inc.'s Motion to Dismiss [Docket No. 51] is **DENIED** as moot because the Court no longer has jurisdiction over this matter; and

4. Venue shall be transferred to the United States District Court for the Northern District of Illinois.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 12, 2010.